NELLIE CARD *et al.*, as executors, etc., Respondents, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*Court of Appeals, November* 23, 1886.

Reversing same case, 37 Hun, 644, mem.

*Negligence. Contributory.*—Where, in an action to recover damages against an elevated railway company for alleged negligence in causing the death of plaintiff's testator, the plaintiff's proof shows that, after the gate was closed and the train in motion, the testator had hold of the stanchions of the platform, clinging to them as the train moved while the gateman was pushing him away, a motion for a non-suit should have been granted.

This action was brought to recover damages for alleged negligence, causing the death of plaintiff's testator.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered on a verdict.

*E. S. Rapallo,* for appellant.

*S. W. Fullerton* and *E. W. Simmons,* for respondent.

FINCH, J.—The opinion recently delivered in the case of Solomon *v.* Manhattan R'way Co. (103 N. Y. 437), substantially covers all the questions raised by this appeal and makes it our duty to reverse the judgment of the courts below.

In both cases, after the gates were shut, and the intending passenger was excluded and the train was in motion, the injured party clung to the moving cars and was thereby killed. In the one case the deceased had his foot upon the car step, and was obviously making a physical effort to get upon the train; in this case the trial court deemed it debatable, whether the deceased was endeavoring to get upon the car or was merely walking along by the side of the moving train expostulating with the gateman. But disregarding all the evidence of the defense and taking as true the plaintiff's proofs, two facts remain undisputed. After the gate was closed and the train in motion the excluded passenger had hold of the stanchions of the platform, clinging to them as the train moved while the gateman was pushing him away.

Three witnesses for the plaintiff saw the accident. The wife and sister observed only the gateman pushing the deceased at a moment when they are unable to say whether the train had started or not; but the third witness, a passenger in an adjoining car and apparently wholly disinterested, testifies distinctly that after the gate was slammed and the train in motion, the deceased was holding on to the iron standard supporting the roof of the platform while the gateman was trying to push him away, and that this continued until the deceased disappeared from sight.

It is not material whether the act of the deceased should or should not be deemed a physical effort to get upon the car. It was an interference with the moving train obviously dangerous and imprudent, from which the injury resulted, and for which there was no necessity or excuse. The motion for a nonsuit should have been granted.

Judgment reversed, new trial granted, costs to abide the event.

All concur, except DANFORTH, J., not voting, and RAPALLO, J., taking no part.